United States District Court
Southern District of Texas
**ENTERED**
March 06, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RYANT CONNELLY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00207 |
| | § | |
| NUECES COUNTY JAIL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Ryant Connelly, TDCJ ID No. 2408816, a Texas state inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights suit under 42 U.S.C. § 1983 against the Nueces County Jail, the Nueces County Sheriff's Office, and "Sgt Gutierrez" in connection with their alleged "violations of [his] constitutional rights." (Doc. No. 1, p. 3.) Liberally construed, Plaintiff also brings claims against unnamed jail staff members in their official and individual capacities. In response to the Court's instructions, Plaintiff has also provided a more definite statement (Doc. No. 18), and the undersigned concludes that Plaintiff has pleaded his best case. Plaintiff's filings are subject to screening under 28 U.S.C. § 1915A. For the reasons discussed below, the undersigned recommends that Plaintiff's action be dismissed with prejudice as frivolous or for failure to state a claim upon which relief may be granted. The undersigned further recommends that this dismissal be counted as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

### A. *Jurisdiction.*

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and recommendations on dispositive motions, pursuant to 28 U.S.C. § 636.

### B. *Background.*

Plaintiff is a Texas state prisoner, currently held at the Texas Department of Criminal Justice-Criminal Institutions Division's Cotulla Unit.  *See* Doc. No. 17.  The Cotulla Unit is located in LaSalle County, in the Laredo Division of the Southern District of Texas.  *See* 28 U.S.C. § 124(b)(3).  The alleged events giving rise to this action, however, occurred at the Nueces County Jail prior to Plaintiff's relocation to the Cotulla Unit.  The Nueces County Jail is located in the Corpus Christi Division of the Southern District of Texas.  *See* 28 U.S.C. § 124(b)(6).  Plaintiff states that he was detained at the Nueces County Jail from May 2022 until September 2022.  (Doc. No. 19, p. 3.)

Publicly available court records indicate that Plaintiff pleaded guilty in Texas' 117th District Court to three counts of aggravated perjury, a felony, on July 7, 2022.  He was sentenced to concurrent terms of three years' confinement.  *See State v. Connelly*, No. 21FC-1636B, https://portal-txnueces.tylertech.cloud/PublicAccess/CaseDetail.aspx?CaseID=2731673 (last visited Feb. 27, 2023).  Texas' 13th District Court of Appeals dismissed Plaintiff's appeal for lack of jurisdiction: the court found that because Plaintiff had entered into a plea bargain, he had no right of appeal.  *State v. Connelly*, No. 13-22-00378-CR (Tex. App. – Corpus Christi Sept. 15, 2022), https://search.txcourts.gov/SearchMedia.aspx?MediaVersionID=e8b99d6f-cf9b-4bd3-ae29-b55275bd3e4e&coa=coa13&DT=Opinion&MediaID=7eff1713-de4e-4aa5-babb-a44c12952d4b (last visited Feb. 27, 2023).

### 1. *Allegation 1: Delay of legal mail.*

Plaintiff alleges that the Nueces County Jail, the Nueces County Sheriff's Office, and, liberally construed, the jail staff in their official and individual capacities, have not provided him with his legal mail in a timely manner.  (Doc. No. 1-1, p. 2.)  He states:

> I have received orders from a federal magistrate judge with approximately 30 days to respond and received it excessively late.  This is a violation of my constitutional rights to receive legal mail timely, due, to Nueces County Sheriff's Office's negligence I may be sanctioned due to non-compliance with a federal judge's order.

*Id.* (emphasis deleted).

### 2. *Allegation 2: Jail understaffing.*

Plaintiff next alleges that the Nueces County Jail[2] is "incredibly understaffed."  (Doc. No. 1-1, p. 2.)  He alleges that he has been "locked down" for "more days and weeks than I can count.  This is a violation of my constitutional rights.  Being locked down for 10-20 hrs per day should be due to punishment for unsafe behavior to yourself or other inmates, not because Nueces County Jail cannot staff their jail properly."  (Doc. No. 1-1, p. 2) (emphasis deleted).  Plaintiff states that he was "adversely affected" "to the point of needing counseling" when he "had to witness an inmate's arm slashed by a blade when he tried to take his own life."  *Id.* at 2, 3.  Plaintiff asserts that he has mental health issues and "this unlawful treatment has only made my symptoms worse.  The medical staff and mental health staff are aware of my mental health problems."  *Id.* at 3.  The undersigned construes these allegations to be claims against the Nueces

---

[2] Plaintiff specifies only the Nueces County Sheriff's Office, but it is clear to the undersigned that Plaintiff means the staffing of the Nueces County Jail.  *See* Doc. No. 1-1, p. 2.

County Jail and the Nueces County Sheriff's Office for staff shortages resulting in psychological harm to Plaintiff.

### 3. Allegation 3: Diet.

Plaintiff's final claim is that jail officials acted negligently by continuing to serve Plaintiff "onion related food" despite his request for a "no-onion tray." (Doc. No. 1-1, p. 3.) He states that onions make him "feel sick to [his] stomach" after eating them. *Id.* Plaintiff seeks to hold the Nueces County Jail and the Nueces County Sheriff's Office accountable for this alleged negligence. *Id.* Because Plaintiff has not specified how he is suing the unnamed jail staff members, the undersigned liberally construes Plaintiff's "onion diet" claims as also including the unnamed jail staff members in both their official and individual capacities. *Duncan v. Farren*, No. 2:11-CV-194-J, 2012 WL 811518, at *3 n.2 (N.D. Tex. Mar. 12, 2012) (noting where it is unclear whether the plaintiff sues defendants in their official or individual capacities, a court may address both capacities).

### 4. Allegation 4: Interference with one counsel visit.

Plaintiff alleges that his constitutional rights were violated by the Nueces County Jail, the Nueces County Sheriff's Office, and a Sheriff's Office employee named "Sergeant Gutierrez." *See* Doc. No. 18, pp. 2, 4, 5. Plaintiff claims that his Sixth Amendment right to counsel was violated on a single occasion in July 2022 when Sergeant Gutierrez allegedly denied Plaintiff the ability to meet with his appellate attorney.

Plaintiff states:

My appellate attorney Michael Gross traveled from his law firm in San Antonio to see me at the Nueces County jail to discuss my appeal. He was let in and sat at the visitation booth. When I entered the booth SGT Gutierrez told me in an aggressive manner to return to my housing. I told her this is my attorney and I

have [a] right to speak with him.  She threatened to throw me in administrative
segregation.  My attorney saw the obvious conflict and left to save me issues.

(Doc. No. 18, p. 2.)  He explains further:

I was called out to an attorney visit when I reached the attorney booth I saw my
attorney Michael Gross sitting down.  I sat down and began to pick up the phone
at the booth.  When I picked up the phone, SGT Gutierrez stormed in and told me
to hang up the phone.  I told her I had a constitutional right to attorney access.
She said no I didn't it's a [privilege] and told me to return to my dorm.  I said
ma'am it's not a privilege but a right, she then began to cuss at me and I went to
my dorm.

*Id.* at 6.

### 5. Requested relief.

As relief, Plaintiff seeks monetary compensation.  (Doc. No. 1, p. 4.)  With respect to his

claim against Sergeant Gutierrez, Plaintiff also appears to be seeking unspecified injunctive and

declaratory relief.  He states:

Punitive and compensation for mental anguish and distress this caused me.
Sanctions so this will stop happening to prisoners at this facility.  She violated my
6th Amendment right and I want this suit to reflect that.

(Doc. No. 18, p. 7.)

### C. Governing law.

#### 1. Legal standard for screening of Plaintiff's action.

This case is still in the screening stage.  No service of process has occurred.  When a

prisoner seeks to proceed *in forma pauperis*, the Court evaluates the complaint and dismisses it

without service of process if the Court finds the complaint frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief.  28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (providing

that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it

is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).  A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).  A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless."  *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).  "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim."  *Id.* (citations omitted).  "[U]nless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint," the Court should not dismiss the claim.  *Id.* (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff must allege sufficient facts in support of his legal conclusions that give rise to a reasonable inference that the defendant is liable.  *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation.  *Twombly*, 550 U.S. at 555.  As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed.  *Id.*

### 2. *Relevant law regarding 42 U.S.C. § 1983.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he or she misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under § 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987); *see also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials).

A supervisory official may be held liable only if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps,* 659 F.3d 440, 446 (5th Cir. 2011). "A policy is normally an official statement, ordinance, or regulation, but in certain circumstances a persistent, widespread practice that is so commonplace as to constitute a custom can also be treated as policy." *McNeil v. Caruso*, No. 17-01688, 2019 WL 1435831, at *2 (M.D. La. Mar. 28, 2019) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001)).

As discussed below, some of Plaintiff's allegations are liberally construed as claims against Nueces County itself. Counties may be held liable under § 1983, but a municipality

cannot be held vicariously liable for its employees' actions under a theory of *respondeat superior*. *See Webb v. Twn. of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019). A local government entity can be held liable under § 1983 only for constitutional harms that are directly attributable to the governmental entity itself. *See Bailey v. City of San Antonio*, No. SA-20-CV-00466-XR, 2023 WL 2147700, at *18 (W.D. Tex. Feb. 17, 2023) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)). To successfully establish municipal liability under § 1983, a plaintiff must identify "(1) an official policy (or custom), of which, (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002); *see also Monell*, 436 U.S. at 694.

The first element for municipal liability, an official policy or custom, is defined as either a "policy, statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority" or a "persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc). The second element is actual or constructive knowledge of such custom attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority. *Id.* To satisfy the third element, a plaintiff must show that a constitutional violation occurred, and that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

8 / 25

In this case, Plaintiff's liberally construed municipal liability claims run aground for multiple reasons. Primarily, he fails to plausibly allege that any constitutional violation occurred. Plaintiff also fails to show that any violation resulted from any official policy or custom.

### D. Plaintiff's allegations against nonjural entities – the Nueces County Jail and the Nueces County Sheriff's Office – should be dismissed.

In his complaint, Plaintiff includes the Nueces County Jail and the Nueces County Sheriff's Department as defendants. (Doc. No. 1, p. 1.) Plaintiff cannot sue a Texas county jail or sheriff's office, as they are nonjural entities and lack the capacity to be sued under § 1983. *See Crawford v. Collin Cnty. Det. Facility*, No. 4:20-CV-668-RAS-CAN, 2022 WL 4459855, at **2-3 (E.D. Tex. Aug. 18, 2022), *adopted*, 2022 WL 4449315 (E.D. Tex. Sept. 22, 2022) (county detention facility and sheriff's office do not have jural existence and cannot be a proper parties to a lawsuit). Accordingly, the undersigned recommends that Plaintiff's allegations against the Nueces County Jail and the Nueces County Sheriff's Office be dismissed with prejudice for failure to state a claim upon which relief may be granted, because those purported defendants are nonjural entities with no capacity to be sued. *See* Fed. R. Civ. P. 12(b)(6).

Even if Plaintiff's claims against the jail and the sheriff's office are not dismissed on this ground, the undersigned nonetheless recommends dismissal of Plaintiff's claims with prejudice as frivolous, as discussed below. The undersigned therefore does not recommend substituting a jural entity, such as Nueces County, as a defendant in this case because substitution would be futile – Plaintiff fails to plausibly allege a constitutional violation regardless of the identity of any defendant. *Cf. Stanford v. U.S. Dep't of Justice-Bureau of Alcohol, Firearms, and*

*Explosives*, No. V-14-0040, 2014 WL 4537992, at *2 (S.D. Tex. Sept. 11, 2014) (Atlas, J.)

(dismissing claim because amendment to substitute United States as defendant would be futile).[3]

### E.  Plaintiff's claims should be dismissed with prejudice.  He fails to plausibly allege any constitutional violation.

Plaintiff contends that the Nueces County Jail and jail staff did not deliver Plaintiff's

legal mail to him in a timely fashion.  (Doc. No. 1-1, p. 2.)  He also alleges that the Nueces

County Jail is understaffed; this alleged understaffing, he asserts, caused him to be locked down

for an excessive amount of time and caused him mental anguish when he witnessed another

inmate's attempted suicide.  *Id.* at 2-3.  He also claims that jail staff fed Plaintiff onions even

though onions make him feel sick to his stomach, and that jail medical staff did not prevent him

from being fed onions.  *Id.* at 3.  Finally, Plaintiff alleges that a jail staffer named Sergeant

Gutierrez wrongfully prevented him from meeting with his appellate attorney.  (Doc. No. 1, p. 4;

Doc. No. 18, pp. 2-7.)

In applying liberal construction to Plaintiff's claims, the undersigned considers whether

he sues jail staff members in their official capacities.  Any such suit against these staff members,

however, is merely another way of pleading an action against their municipal employer, Nueces

County.  *See Garcia v. Dallas Police Dep't*, No. 3:13-CV-1261-B-BH, 2013 WL 5433502, at *5

(N.D. Tex. July 1, 2013), *supplemented*, No. 3:13-CV-1261-B-BH, 2013 WL 5433510 (N.D.

Tex. July 29, 2013), *adopted*, No. 3:13-CV-1261-B, 2013 WL 5434165 (N.D. Tex. Sept. 27,

2013), and *adopted*, No. 3:13-CV-1261-B, 2013 WL 5434165 (N.D. Tex. Sept. 27, 2013) (citing

---

[3]  Plaintiff seeks punitive damages as part of his requested relief.  Punitive damages are not available in § 1983 cases against municipal entities like Nueces County, so even if Nueces County were substituted as a defendant, Plaintiff's bid for punitive damages against Nueces County would not succeed.  *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Moore v. LaSalle Mgmt. Co., L.L.C.*, 41 F.4th 493, 512-13 (5th Cir. 2022).

*Kentucky v. Graham,* 473 U.S. 159, 165 (1985)).  Regardless of the defendant, Plaintiff fails to adequately allege any viable claim.

### 1. *Mail claim.*

Plaintiff alleges that the Nueces County Jail, the Nueces County Sheriff's Office, and, liberally construed, unnamed jail officials in their official and individual capacities, have "not provided [him his] legal mail timely."  (Doc. No. 1-1, p. 2.)  He states that he has received orders from (an unspecified) "federal magistrate judge with approximately 30 days to respond and received it excessively late."  *Id.*[4]  He claims this is a violation of his constitutional rights.  *Id.* Plaintiff hypothesizes that he may be sanctioned in the future for non-compliance with a federal judge's order because of jail staffers' negligence.  *Id.*  Plaintiff does not allege that he did not receive any particular legal mail, that any of his outgoing mail was delayed, that he was unable to respond in a timely manner to any order issued by any court, or that he has been sanctioned for missing any deadline.  His complaint appears to be limited to an allegation that his legal mail is simply too slow, and to speculation that he might suffer some future sanction should he fail to meet some future deadline.

A cause of action may be stated under § 1983 where prison officials intentionally withhold mail from or destined for the courts, if that delay is alleged to have damaged the prisoner's legal position.  *See Behling v. Foley*, No. 2:16-CV-210-Z. 2020 WL 247653, at *2 (N.D. Tex. Jan. 16, 2020) (citing *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986)).  This type

---

[4]  Plaintiff is not necessarily referring to any order from the undersigned or any order in this case.  Since mid-2022, Plaintiff has filed at least five federal civil actions while incarcerated, in two divisions of this district, with various judges presiding.

of action is analyzed as an "access-to-courts" claim.[5]  Merely negligent conduct, however, does

not meet the standard for liability.  *Id.* (citing *Daniels v. Williams*, 474 U.S. 327, 331-34 (1986)).

Plaintiff's liberally construed claim that these unnamed jail staff members in their

individual capacity violated his civil rights by providing his mail to him in an untimely fashion

should be dismissed, because he has not alleged that he actually received any mail "late," or that

any jail staffer was personally involved in any decision to give Plaintiff his mail "late" or with

insufficient time to respond to the court.  Without an allegation of personal involvement, any

claim against these individuals fails.  *See Champagne v. Jefferson Parish Sheriff's Office,* 188

F.3d 312, 314 (5th Cir. 1999).  Even if Plaintiff had alleged sufficient personal involvement,

Plaintiff merely alleges that the jail staff has negligently delayed his legal mail.  He does not

allege that his incoming legal mail was deliberately withheld from him or delayed, and he does

not allege that prison officials deliberately slowed his outgoing mail.  Plaintiff himself

characterizes jail officials' conduct as merely negligent.  (Doc. No. 1-1, p. 2.)  Because Plaintiff

fails to allege any deliberate conduct, he fails to allege a viable access-to-courts claim.

Plaintiff's claim also fails because he fails to allege any cognizable injury.  An inmate

alleging the denial of the right of access to courts "must demonstrate a relevant, actual injury

stemming from the defendant's unconstitutional conduct."  *Adams v. Lumpkin*, No. H-21-01088,

2022 WL 425978, at *2 (S.D. Tex. Feb. 3, 2022) (Hanen, J.) (citing *Brewster v. Dretke*, 587 F.3d

764, 769 (5th Cir. 2009)).  "In particular, an inmate must 'demonstrate that a nonfrivolous legal

claim has been frustrated or was being impeded.'"  *Id.* (quoting *Lewis*, 518 U.S. at 353 & n.3).

---

[5] Prisoners have a constitutionally protected right of access to the courts.  *See Lewis*, 518 U.S. at 350.  But that right encompasses only a reasonable ability to file nonfrivolous legal claims challenging their conviction or conditions of confinement.  *See Jones*, 188 F.3d at 325.

Here, Plaintiff does not claim that any of his cases have been impeded or hindered in any way by virtue of the allegedly delayed mail.  He does not allege that he was unable to file any nonfrivolous claim, that any case was prejudiced or hampered, or that he suffered any sanction. On this basis as well, then, Plaintiff therefore cannot maintain an access-to-courts claim.  *Cf. Adams*, 2022 WL 425978, at **2-5; *see also Cox v. Biscoe*, 477 F. App'x 225, 227 (5th Cir. 2012) (unpublished) (§ 1983 plaintiff failed to present sufficient facts that, if true, would show that he suffered any actual injury, as is required to state a denial-of-access claim).  Plaintiff's claim should be dismissed as frivolous.

For these reasons, Plaintiff also fails to plausibly allege a claim for municipal liability. First, as discussed above, he fails to demonstrate any constitutional violation, so no municipal liability can lie.  *See Pineda*, 291 F.3d at 328.  Additionally, he fails to allege any policy or custom on the part of any governmental entity – rather, he alleges only negligence by jail staff in handling mail.  *See* Doc. No. 1-1, p. 2; *Monell*, 436 U.S. at 694.  This is insufficient to plausibly allege municipal liability.  *See id.*  Finally, Plaintiff does not allege the existence of any persistent and widespread practice that caused any alleged injury.  *See Monell*, 436 U.S. at 691-95.

Plaintiff has failed to state a viable § 1983 claim against the jail staff in their individual or official capacities.  There is no need to substitute Nueces County as a defendant, because Plaintiff's allegations – regardless of the defendant – fail to state a plausible claim.  Therefore, his liberally construed claims regarding allegedly delayed legal mail should be dismissed with prejudice as frivolous.

### 2. *Understaffing claims.*

Plaintiff alleges that the Nueces County Jail is "incredibly understaffed." (Doc. No. 1-1, p. 2.) This alleged understaffing, Plaintiff claims, resulted in his being "locked down" for ten to 20 hours per day. *Id*. Plaintiff also alleges that, thanks to the jail's understaffing, he witnessed another inmate's suicide attempt, and that his mental health suffered as a result. *Id*. at 2-3. Plaintiff's claim is frivolous and should be dismissed with prejudice.

Plaintiff seeks monetary damages for his alleged psychological injuries. *See* Doc. No. 1, p. 4; Doc. No. 1-1, p. 3; Doc. No. 18, pp. 4, 5, 7.[6] Plaintiff cannot obtain the relief he seeks, however, because 42 U.S.C. § 1997e(e) first requires a physical injury in order to recover compensatory damages for any psychological injury. *Flowers v. Sutterfield*, No. 20-10988, 2022 WL 2821953, at *2 (5th Cir. July 20, 2022) (citing *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)). Plaintiff does not allege that he suffered any physical injury from his time in lockdown or from witnessing another inmate's suicide attempt, discussed below; thus, he cannot recover compensatory damages for any psychological injury. *See Alexander v. Tippah Cnty., Miss.*, 351 F.3d 626, 631 (5th Cir. 2003). Because Plaintiff seeks only a lone remedy which is unavailable to him, his "jail understaffing" claim should be dismissed for this reason alone.

Even leaving aside Plaintiff's inability to obtain the remedy he seeks, his claims should be dismissed. As discussed in the sections that follow, Plaintiff does not plausibly allege any violation of his constitutional rights. He also fails to allege facts supporting a claim for municipal liability.

---

[6] Plaintiff does not request any injunctive relief. Indeed, any such request would be moot, because Plaintiff is no longer confined at the Nueces County Jail.

Some authority indicates that understaffing claims are to be analyzed under an "episodic act-or-omission" theory of liability.  *See*, *e.g.*, *Mitchell v. Dallas Cnty., Tex.*, No. 3:19-CV-00744-X, 2021 WL 228906, at *6 (N.D. Tex. Jan. 22, 2021) (citing *Scott*, 114 F.3d at 53). Under this standard, Plaintiff fails to allege a viable claim, because he does not claim that any policymaker showed deliberate indifference to constitutional rights by failing to provide adequate staffing for the jail.  Plaintiff does not allege an episodic act or omission of an individual state official.  *See* Doc. Nos. 1, 1-1 (individual claim lodged only against Sergeant Gutierrez, for alleged interference with counsel visit).  The undersigned views Plaintiff's allegations as attacking the conditions of his confinement, and thus evaluates them as "conditions of confinement" claims.  To assert a viable conditions of confinement claim, a plaintiff must allege the existence of a rule or restriction, or the existence of an identifiable intended condition or practice, which was not reasonably related to a legitimate governmental objective, and which causes a violation of the plaintiff's rights.  *See Duvall v. Dallas Cnty.*, 631 F.3d 203, 207 (5th Cir. 2011); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 645 (5th Cir. 1996) (en banc).  Plaintiff fails to do so here, so his claims should be dismissed.

### a. Time in lockdown.

Plaintiff asserts that the Nueces County Jail was understaffed while he was confined there, causing him and other inmates to be "locked down" for ten to 20 hours per day, and that the amount of time inmates spend in "lockdown" each day because of the jail's alleged understaffing is a violation of his constitutional rights.  (Doc. No. 1-1, pp. 2-3.)  He claims that the "understaffing and subsequent 'rack-ups' have adversely affected my mental health."  *Id.* at 3.  Plaintiff states that he already suffered from unspecified mental illnesses, "and this unlawful treatment [the lockdowns] has only made my symptoms worse.  The medical staff and mental

health staff are aware of my mental health problems." *Id.* In connection to these allegations, Plaintiff seeks to hold the Nueces County Jail and the Nueces County Sheriff's Office liable. None of Plaintiff's allegations plausibly states a viable claim.

It is unclear whether Plaintiff was a pretrial or post-trial detainee at the time of the alleged understaffing and lockdowns. But Plaintiff's claim does not plausibly allege a violation of his constitutional rights in either setting.

In the post-trial detainee context, a prisoner has no constitutional right to be free from "lockdown" for any particular period of time. Placement in lockdown, either individually or as part of a group, does not present an "atypical, significant deprivation[] of liberty in relation to the ordinary incidents of prison life." *See Johnson v. Lewis*, 335 F. App'x 481 (5th Cir. 2009) (citing *Sandin v. Conner*, 515 U.S. 472, 486 (1995) (disciplinary segregation did not violate protected liberty interest, and even inmates in general population experienced significant "lockdown time" of 12 to 16 hours per day); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992)). Plaintiff fails to plausibly allege any violation of his rights as a post-trial detainee, so his lockdown claim should be dismissed.

In the pretrial detainee context, Plaintiff's claim hinges on whether the condition of confinement amounts to "punishment" of him as a pretrial detainee. Because Plaintiff does not allege that the lockdowns were imposed for punishment, his claim should be dismissed. *Cf. McCollum v. Pries*, No. 1:22-cv-01710, 2022 WL 17669003, at *6 (M.D. Pa. Dec. 14, 2022) (dismissing conditions of confinement claim based on allegedly excessive lockdown caused by alleged jail understaffing in part because plaintiff did not allege lockdowns were imposed for punishment). Additionally, Plaintiff fails to allege any facts suggesting that the totality of the circumstances surrounding the alleged lockdowns, even if not intended as punishment,

nonetheless amount to punishment because there was no legitimate, non-punitive basis for their imposition. *See Scott*, 114 F.3d at 53. For example, Plaintiff does not allege any specifics about the size of his living space, the extent to which inmates were or are allowed to move throughout the jail during lockdown periods, the extent to which recreation or other activities were permitted, or any other circumstances to clarify the conditions in which he was held in connection with the alleged lockdowns at issue, or how long he was subjected to those challenged conditions. *Cf. Chapolini v. City of Philadelphia*, No. 22-cv-84, 2022 WL 815444, at *12 (E.D. Pa. Mar. 17, 2022) (dismissing pretrial detainee's Fourteenth Amendment claim against jail lockdowns for failing to specify sufficient facts); *Miller v. Winnebago Cnty. Sheriff's Office*, No. 18 C 50334, 2019 WL 184078, at *3 (N.D. Ill. Jan. 14, 2019) (same). Because Plaintiff does not allege that the lockdowns were conducted for the purpose of punishing him, and because Plaintiff has not offered sufficient facts to justify a conclusion that the jail's measures were so excessive as to equate to punishment, the undersigned concludes that Plaintiff has failed to articulate a viable claim. He therefore fails to lodge a viable claim for relief, and his claim should be dismissed as frivolous.

Additionally, no claim for municipal liability can lie. First, as discussed, Plaintiff fails to plausibly allege a constitutional violation in the understaffing. *See Pineda*, 291 F.3d at 328. Plaintiff also does not allege any constitutional misconduct by any particular person: his claim appears to be aimed at the institution itself. But Plaintiff fails to allege any affirmative municipal action resulting in a policy or custom on the part of any governmental entity to staff the jail insufficiently. *Cf. Belcher v. Lopinto*, 492 F. Supp. 3d 636, 648-49 (E.D. La. 2020) (municipal liability requires "affirmative municipal action"). Thus, even accepting as true Plaintiff's contention that he was locked down for long periods because the jail was understaffed, Plaintiff

fails to allege the existence of an official policy that led to a staffing deficit or the lockdowns. *Cf. Lewis v. Igwe*, No. H-05-3320, 2006 WL 8444762, at **5-7 (S.D. Tex. Nov. 2, 2006) (Johnson, M.J.).  Any claim for municipal liability should therefore be dismissed as frivolous.

### b. *Other inmate's suicide attempt*.

Plaintiff also claims that because the jail was understaffed, he and other inmates "had to witness an inmate's arm slashed by a blade when he tried to take his own life." (Doc. No. 1-1, pp. 2-3.)  Plaintiff alleges that he needed counseling after witnessing the incident, but that jail officials did not offer inmates the opportunity to meet with a counselor about the incident. *Id.* at 3.  He does not claim to have suffered any physical injury from witnessing the alleged event. Plaintiff also does not allege that he requested counseling, or that jail officials refused any such request.  Plaintiff's claim does not state a violation of any right, whether stemming from alleged jail understaffing or otherwise.

Viewed in the context of municipal liability, Plaintiff's claims also fail to allege a viable cause of action.  First, no constitutional violation occurred – a prerequisite for a finding of municipal liability.  *See Pineda*, 291 F.3d at 328.  Additionally, Plaintiff fails to plausibly allege any affirmative municipal action resulting in a policy or custom on the part of any governmental entity to fail to proactively provide counseling.  *Cf. Belcher*, 492 F. Supp. 3d at 648-49.  Even accepting as true Plaintiff's contention that jail officials did fail to offer counseling, Plaintiff fails to allege the existence of any official policy that led to any such failure.  *Cf. Lewis*, 2006 WL 8444762, at **5-7.

Finally, analysis under an episodic act-or-omission theory of liability does not produce a different result, because Plaintiff does not allege that any policymaker was aware of any failure to offer counseling or was otherwise deliberately indifferent to constitutional rights.  *Cf.*

*Mitchell*, 2021 WL 228906, at *6.  Plaintiff therefore fails to lodge a viable claim for relief, and his claim should be dismissed as frivolous.

### 3.  *"Onion claim."*

Plaintiff alleges that the Nueces County Jail, the Nueces County Sheriff's Office, and jail officials "have continued to serve me onion related food" despite Plaintiff's request to the jail's medical staff that they not do so – Plaintiff states that onions make him "feel" sick to his stomach,[7] and that the medical staff is aware of this.  (Doc. No. 1-1, p. 3.)  Plaintiff states that jail officials have "made it tremendously hard to receive a non-onion tray."  *Id.*  Plaintiff asserts that he has "had to trade my main dish for salads and pears."  *Id.*  Plaintiff does not allege that medical officials refused his request for an onion-free diet, *see id.*, so it is not clear whether his complaint arises from medical officials' refusal or from other jail staffers' failure to abide by medical officials' directives.  The undersigned liberally construes these to be claims against the Nueces County Jail, the Nueces County Sheriff's Office, and unnamed jail staff in their official and individual capacities for refusing to honor his "no onion" request and as a claim against jail medical staff members in their official and individual capacities for refusing to provide a medical restriction on his diet mandating that Plaintiff not be fed onions.

With regard to Plaintiff's claim that these unnamed jail staff members violated his civil rights by serving him onions despite his aversion to them, he has not alleged that any staff member was personally involved in any decision to give Plaintiff onions, rather than merely serving him the same food they serve to every inmate.  Further, Plaintiff has not alleged that any unnamed jail staff member made a decision to keep Plaintiff from obtaining a dietary restriction

---

[7] There may be some question whether Plaintiff alleges a greater-than-*de minimis* harm stemming from being fed onions.  For purposes of this screening, however, the undersigned assumes that Plaintiff has stated a sufficient injury.

against onions.  Without an allegation of such personal involvement, this liberally construed claim against these unnamed individuals fails.  *See Champagne,* 188 F.3d at 314.

Even if Plaintiff had sufficiently alleged someone's personal involvement, Plaintiff's claim is not viable because he fails to show deliberate indifference.  Plaintiff does not allege that he suffers from any sort of medical condition requiring an onion-free diet (such as, for example, an allergy to onions); he states merely that onions make him "feel" sick to his stomach.  Plaintiff does not allege that any official was actually aware of this but then deliberately fed him onions. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (both showing that to establish deliberate indifference, Plaintiff must also show that prison officials knew of and disregarded an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the official must have drawn that inference).

Further, Plaintiff does not allege that his resulting diet – even when he may occasionally trade with others to obtain onion-free meals – was not sufficiently nutritious.  *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (constitutional standards require only that prison authorities provide an inmate with "sufficient nutritional value to preserve health").  And although Plaintiff apparently believes that he should have been given a medical diet free from onions, this belief is insufficient to maintain a claim of an Eighth Amendment violation against any jail medical staff member.  Absent exceptional circumstances, differences of opinion between a prisoner and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim.  *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006).  The undersigned recommends dismissal of this allegation as frivolous.

Viewing Plaintiff's allegation in the context of municipal liability, the same result obtains.  First, Plaintiff does not plausibly allege a constitutional violation, so no municipal liability can lie.  *See Pineda*, 291 F.3d at 328.  Second, Plaintiff fails to plausibly allege any affirmative municipal action resulting in a policy or custom on the part of any governmental entity to fail to provide Plaintiff with an onion-free diet.  *Cf. Belcher*, 492 F. Supp. 3d at 648-49.  Even accepting as true Plaintiff's contention that jail officials did fail to provide an onion-free diet that Plaintiff needed, Plaintiff fails to allege the existence of any official policy that led to that failure.  *Cf. Lewis*, 2006 WL 8444762, at **5-7.  Additionally, analysis under an episodic act-or-omission theory of liability does not produce a different result, because Plaintiff does not allege that any policymaker was aware of any failure to provide an onion-free diet or was otherwise deliberately indifferent to constitutional rights.  *Cf. Mitchell*, 2021 WL 228906, at *6.  Plaintiff therefore fails to lodge a viable claim for relief, and his claim should be dismissed as frivolous.

### 4. Claim against Sergeant Gutierrez for interference with one attorney visit.

Plaintiff contends that Sergeant Gutierrez, a jail employee, wrongfully prevented him from meeting in person with his appellate attorney on a single occasion in July 2022.  (Doc. No. 1, p. 4; Doc. No. 18, p. 3.)  Plaintiff asserts that he was speaking with his counsel in the visitation booth when Sergeant Gutierrez told him in an aggressive manner to stop speaking with counsel and to return to his dorm.  (Doc. No. 1, p. 4; Doc. No. 18, p. 2.)  Plaintiff states that Sergeant Gutierrez cursed at him when he protested that he had a constitutional right to speak with his attorney and threatened to place Plaintiff into administrative segregation.  *Id.*  Plaintiff alleges that he was not able to help his attorney in his appeal "and could adversely affect me negatively. I cannot believe she denied my right to an attorney."  *Id.*

Plaintiff requests punitive damages and monetary compensation against Nueces County Jail, the Nueces County Sheriff's Office, and Sergeant Gutierrez for "distress" and for "the mental anguish of not being allowed to speak with my attorney."  (Doc. No. 18, pp. 3-5, 7.) Plaintiff's complaint is limited to a single occasion on which a jail employee allegedly prevented him from meeting in person with his appellate attorney.  He does not allege that he was limited from speaking with his appellate attorney in person on any other occasion, nor does he allege that he was limited from communicating with his attorney in writing or by telephone.  And although he cryptically asserts that the denial of the in-person visit "hurt my case at court because I couldn't prepare my attorney prior to court" (Doc. No. 18, p. 7), Plaintiff does not allege that there was any legal claim or argument that his appellate attorney was prevented or hindered from making to the appellate court because of the denial of this single visit.

The undersigned recommends a finding that Plaintiff has not sufficiently and plausibly alleged that his constitutional rights were violated by the single claimed termination of his appellate attorney's in-person visit.  Even accepting Plaintiff's claim as true, Plaintiff has not alleged any other restriction or limitation on his access to counsel other than the single occasion involving one in-person visit on a single date.  Plaintiff fails to plausibly allege that the limitation on that lone visit actually impeded Plaintiff's or counsel's ability to present any claim or argument on appeal or that Plaintiff was otherwise prejudiced with regard to his appeal.  *Cf. Truelove v. Cerliano*, No. 6:20cv618, 2021 WL 5933123, at *3 (E.D. Tex. Nov. 15, 2021), *adopted*, 2021 WL 5930848 (E.D. Tex. Dec. 15, 2021) (plaintiff claiming denial of in-person attorney visits failed to allege or show actual injury because he did not show how his position as a litigant was prejudiced; case dismissed); *Mustafa-Ali v. Irvin*, No. 2:03-cv-594-MTP, 2007 WL 2302278, at *8 (S.D. Miss. Aug. 9, 2007) (prisoner failed to allege that he was unable to pursue a

22 / 25

legal claim or was otherwise prejudiced as a result of denial of one or more in-person visits with attorney). Plaintiff states conclusorily that he was "unable to prepare [his] attorney prior to court," but does not elaborate on any claim or argument for which Plaintiff needed to "prepare" his appellate attorney, or that his appellate attorney was ultimately unprepared for the appellate proceedings as a result. Plaintiff thus fails to state a viable claim that he was denied counsel. *See Lewis v. Casey*, 518 U.S. 343, 349-51 (1996); *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (stating that *Lewis v. Casey* holds that an inmate alleging denial of access to courts must demonstrate actual injury stemming from defendant's unconstitutional conduct).[8]

Relatedly, Plaintiff also fails to plausibly allege that he has a constitutional right to in-person visits with his attorney, or to any particular means of access to his attorney. *See Truelove*, 2021 WL 5933123, at *4 (citing *Hawbaker v. Dix*, 499 F. Supp. 3d 1244, 1247 (N.D. Ga. 2020)). And Plaintiff likewise does not allege that he was unable to communicate with his attorney by other means, such as by telephone, in writing, or by in-person visits on other dates (he alleges only the denial of a single visit on a single date). *Cf. United States v. Flores-Lopez*, No. CR19-203RSM, 2020 WL 1862599, at *2 (W.D. Wash. Apr. 14, 2020) (reviewing magistrate judge's release order and finding that limitation on attorney visits during COVID-19 pandemic did not deprive pretrial detainee of access to counsel, where detainee could communicate with counsel by email and telephone); *Uraz v. Ingham Cnty. Jail*, No. 1:19-cv-550, 2019 WL 4292394, at *9 (W.D. Mich. Sept. 11, 2019) (dismissing Sixth Amendment claim based on inmate telephone

---

[8] Additionally, as the state appellate court found, because Plaintiff had entered into a plea bargain in his criminal case, he had no right of appeal in any event. *State v. Connelly*, No. 13-22-00378-CR (Tex. App. – Corpus Christi Sept. 15, 2022), https://search.txcourts.gov/SearchMedia.aspx?MediaVersionID=e8b99d6f-cf9b-4bd3-ae29-b55275bd3e4e&coa=coa13&DT=Opinion&MediaID=7eff1713-de4e-4aa5-babb-a44c12952d4b (last visited Mar. 5, 2023).

restriction because inmate failed to allege that he had no other means of communicating with attorney or that he suffered prejudice).

To the extent Plaintiff's claim can be construed as alleging municipal liability by the jail or the sheriff's office (despite their lack of existence as jural entities), or by Nueces County as a potentially substituted defendant, his claim is not viable. First, Plaintiff fails to demonstrate a constitutional violation, so no municipal liability can lie. *See Pineda*, 291 F.3d at 328. Second, Plaintiff fails to allege any policy or custom on the part of any governmental entity – rather, he alleges only a single act committed by a single employee on a single occasion. This is insufficient to plausibly allege municipal liability. *See id.*

Plaintiff has failed to show that the one-time alleged interference with an in-person visit prejudiced his appeal or that he was unable to communicate with his attorney through other means. The undersigned therefore recommends that Plaintiff's claim be dismissed with prejudice as frivolous.

### F. Conclusion and recommendation.

For the reasons above, the undersigned recommends that the Court dismiss Plaintiff's action as frivolous. The undersigned does not recommend substitution of Nueces County as a municipal defendant in place of the Nueces County Jail, the Nueces County Sheriff's Department, or the unnamed jail staff members in their official capacities because substitution would be futile: Plaintiff fails to plausibly allege a constitutional violation regardless of the identity of any defendant. The undersigned recommends further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be instructed to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**G.  Notice.**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on March 6, 2023.

MITCHEL NEUROCK
United States Magistrate Judge